# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICARDO ROLANDO MCBEAN, JR., *Plaintiff*, v. SOCIAL SECURITY ADMINISTRATION, *Defendant*. | Civil Action No. 18-00943 (RDM) |

## MEMORANDUM OPINION

In late January of 2018, pro se Plaintiff Ricardo Rolando McBean, Jr. filed a complaint in the Superior Court of the District of Columbia, naming the "Social Security Building" at 2041 Martin Luther King Jr. Ave. S.E. in Washington, D.C. as Defendant. Dkt. 2-1 at 4–5. The complaint stated: "I would like to sue [the] Social Security Building . . . I went down there . . . to get the 1099 SSA form [and] they lied to me [and] said [Social Security Income] can't file taxes." Dkt. 2-1 at 6. He seeks $200,000. *Id.* at 5.

The Social Security Administration ("SSA"), which presumed that it was the intended defendant, removed the case to federal district court pursuant to 28 U.S.C. §§ 1441, 1442(a)(1) & 1446, Dkt. 1; Dkt. 3, and then moved to dismiss the action for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6), Dkt. 5. It argued that in order to sue the SSA, a Plaintiff must first present its claim to the agency and exhaust the administrative process, and that Plaintiff's complaint pleads no facts that would allow for the reasonable inference that he "has attempted exhaustion under the [A]ct." Dkt. 5 at 3. It further argued that, to the extent that Plaintiff's claim alleges a tort, it does not plead any

facts that would allow for the inference that Plaintiff has "filed an administrative tort claim with the agency, which is a prerequisite to jurisdiction in the District Court." *Id.*

The Court issued a *Fox*/*Neal* Order, advising Plaintiff that, if he "fail[ed] to respond to Defendant's motion in the time provided, the Court may (1) treat the motion as conceded; (2) rule on the Defendant's motion based on Defendant's arguments alone and without considering Plaintiff's arguments; or (3) dismiss Plaintiff's claims for failure to prosecute." Dkt. 6 at 1 (internal citations omitted). Plaintiff's opposition to the motion to dismiss was due on June 3, 2018; that date passed without Plaintiff filing any opposition, and to date Plaintiff has made no filings in this matter beyond the complaint.

The Court may dismiss a case for failure to prosecute "upon the Court's own motion." D.D.C. Rule 83.23; *Bristol Petroleum Corp. v. Harris*, 910 F.2d 165, 167 (D.C. Cir. 1990) ("'[W]hen circumstances make such an action appropriate,' a district court may dismiss an action on its own motion because of a party's failure to comply with court orders designed to ensure orderly prosecution of the case.") (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)) (alteration in original)). Furthermore, the Court may order a party to "file a memorandum of points and authorities in opposition" to a motion, and, "[i]f such memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." D.D.C. Rule 7(b). Dismissing the action either for failure to prosecute or by treating the motion to dismiss as conceded would be appropriate under these circumstances given the explicit instructions in the Court's *Fox*/*Neal* order and Plaintiff's failure to respond to SSA's motion to dismiss or to engage in any activity in this case for well over a year.

Dismissal is also required due to the Court's lack of jurisdiction over what appear to be the claims alleged. 42 U.S.C. § 405(g) provides the exclusive grant of jurisdiction to courts to

review cases "arising under" the Social Security Act. 42 U.S.C. § 405(h). A plaintiff must have first presented his claim to the SSA in order for the Court to have jurisdiction to review such a claim. *Calderon v. Berryhill*, No. 17-494, 2019 WL 95565, at *3 (D.D.C. 2019). Here, Plaintiff has pleaded no facts that would support the reasonable inference that he presented his claim to the SSA prior to filing his suit. *See* Dkt. 2-1 at 6. Accordingly, the Court does not have jurisdiction to hear the complaint to the extent that it "arise[s] under" the SSA. *Id.* at *4.

To the extent that Plaintiff's claim sounds in tort, the Court also lacks jurisdiction to hear it. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). The Federal Tort Claims Act ("FTCA") provides "a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort claims." *Davis v. United States*, 944 F. Supp. 2d 36, 38 (D.D.C. 2013). But, for a court to have jurisdiction over a plaintiff's FTCA claim, he must first have "present[ed] his claim to the appropriate federal agency." *Id.* Plaintiff has pleaded no facts indicating that he has done so, and accordingly, even if his complaint were generously read to allege a tort claim, the Court would not have jurisdiction to consider it. *Id.* at 39–40.

## CONCLUSION

For all of these reasons, the Court will dismiss this action without prejudice. A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: October 1, 2019